UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D.R., a minor child, *et al.*,

    Plaintiffs,

v.

MICHIGAN DEPARTMENT
OF EDUCATION, *et al.*,

    Defendants.

_____/

Case No. 2:16-cv-13694
District Judge Arthur J. Tarnow
Magistrate Judge Anthony P. Patti

# OPINION AND ORDER GRANTING GENESEE AND MDOE'S MOTIONS (DE 35 AND 37) and GRANTING IN PART AND DENYING IN PART FLINT'S MOTION TO STAY DISCOVERY (DE 36)

This matter is before the Court for consideration of Defendant Genesee Intermediate School District's ("Genesee") motion to stay discovery (DE 35), Flint Community Schools' ("Flint") motion to stay discovery until resolution of pending dispositive motions or, in the alternative, for protective order (DE 36), and the Michigan Department of Education's ("MDOE") motion for protective order/request for stay of discovery pending outcome of pending dispositive and jurisdictional motions (DE 37), Plaintiffs' response in opposition (DE 41), Flint's reply (DE 43), and the parties' joint list of unresolved issues (DE 45). This matter came before me for a hearing on August 17, 2017, at which all parties appeared through counsel. For the reasons that follow, MDOE and Genesee's motions are

**GRANTED** and Flint's motion is **GRANTED IN PART AND DENIED IN PART**.

I. BACKGROUND

Plaintiffs filed their 133 page, 395 paragraph complaint in this action on October 18, 2016, bringing four claims under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.* ("IDEA"): (1) failure to develop and implement child find procedures; (2) failure to provide a free, appropriate public education that confers a meaningful educational benefit in the least restrictive environment; (3) failure to protect students' due process procedural safeguards in the disciplinary process; and (4) discrimination on the basis of disability and denial of access to educational services. Plaintiffs also bring claims under the Rehabilitation Act, the Americans with Disabilities Act, and Michigan state law. (DE 1.) In December 2016, all Defendants filed motions to dismiss, asserting that the Court was without subject matter jurisdiction to hear the case because Plaintiffs failed to exhaust their administrative remedies under IDEA. (DE 22, 23, and 25.) Those motions are fully briefed and awaiting the Court's review.

On February 28, 2017, the parties appeared before Judge Tarnow for a status conference. In the minute entry for the status conference, Judge Tarnow noted that counsel were "to discuss preliminary discovery and the possibility of settling some of the claims . . . ." (Minute entry, Feb. 28, 2017.) Defendants filed the instant

motions in July, after being served with Plaintiffs' first set of discovery requests. They ask the Court to stay discovery pending resolution of the jurisdictional motions to dismiss, or, in the alternative, enter a protective order limiting Plaintiffs' broad discovery requests.

**II.    ANALYSIS**

    **A.    The court will not impose a complete stay on discovery.**

        **1.    The discovery requests are not premature.**

Defendants first argue that Plaintiffs' discovery requests are premature because they were made prior to a conference under Federal Rule of Civil Procedure 26(f). Pursuant to Rule 26(d), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." This argument is unavailing, because, as Plaintiffs explain, Judge Tarnow's practice guidelines specify that he "does not enforce the stay of discovery contemplated by Rule 26(d) pending the conference contemplated by Rule 26(f)." Practice Guidelines for Arthur J. Tarnow, *Discovery*, available at https://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=17 (last viewed August 18, 2017). Moreover, as indicated in the Court's minute entry following the parties' February 28, 2017 status conference, Judge Tarnow instructed the parties to "discuss preliminary discovery," even with the knowledge that the motions to dismiss were then pending. (Minute entry, Feb. 28, 2017.) As

3

such, I conclude that the Court contemplated that some form of discovery would occur prior to the conference under Rule 26(f) and find no reason to impose a stay on the basis of prematurity.

### 2. A complete stay is not warranted.

In any action, the Court must construe the Federal Rules of Civil Procedure to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Here, there is a tension between allowing discovery now, to ensure a "speedy" disposition, and staying it, so as to foster "inexpensive determination" of the pending jurisdictional motions. Neither party contends that the proposed discovery would shed light on the jurisdictional issues before the Court, although both parties conceded at oral argument that "[t]rial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). Staying discovery until jurisdictional motions are resolved can be an efficient way to reduce or eliminate any unnecessary usage of resources. *See Harlo v. Fitzgerald*, 457 U.S. 800, 818 (1982) (staying discovery until the "threshold immunity question [was] resolved."). However, a complete stay is not warranted in this matter, despite the pending jurisdictional motions to dismiss.

4

I am persuaded by Plaintiffs' argument that the Court anticipated some preliminary discovery in this matter, as evidenced by Judge Tarnow's practice guidelines, his notation that preliminary discovery should be discussed, and the fact that he made that minute entry after the jurisdictional motions had been filed and fully briefed. In addition, and bearing in mind that all of Plaintiffs' claims are for equitable relief, Plaintiffs' assertion that some discovery is appropriate because another school year is beginning is well-taken. As such, I conclude that some limited discovery is warranted, even while the jurisdictional motions are pending.

### B. The court will limit Plaintiffs' discovery requests.

#### 1. Plaintiffs' discovery requests are relevant to Flint.

As Defendants correctly point out, nearly all of Plaintiffs' discovery is related to "Student Assistance Teams" ("SAT"). Specifically, Plaintiffs explain that they have received information indicating that Flint requires an SAT review before students can be evaluated for a suspected disability, and that there is a "quota" (DE 41 at 6, 10)--defined in *Black's Law Dictionary* (9th ed.) as a "quantitative restriction; a minimum or maximum number," in this context a maximum number--on the number of SAT meetings per month, thereby potentially limiting the number of students who are screened for disability. However, there is no reference to "Student Assistance Team," "SAT," any combination of the words,

or the word "quota" in the complaint. This seems remarkable in light of Plaintiffs' present argument that SAT is at the heart of their suit, not to mention the near abandonment of notice pleading and Rule 8's requirement of "a short and plain statement of the claim" in favor of the fact pleading exhibited in their complaint. Fed. R. Civ. P. 8(a)(2).

Nevertheless, the information seems to be relevant to Plaintiffs' claims related to the "child find" process. The "child find" process requires that children with disabilities be "identified, located, and evaluated" and that "a practical method [be] developed and implemented to determine which children with disabilities are currently receiving needed special education and related services." 20 U.S.C. § 1412(a)(3). If it is true that an SAT must determine whether a child can be evaluated for a suspected disability (which Flint emphatically denies), then that would be part of the district's child find process, which *is* mentioned frequently in Plaintiffs' complaint. Moreover, determining whether there is a "quota" system in place could be one way of proving Plaintiffs' theory under its IDEA claim. *See Wysong v. Dow Chem. Co.*, 503 F.3d 441 (6th Cir. 2007) (finding the district court's approach in granting summary judgment to be "overly rigid," because the plaintiff was not asserting a new *claim*, but merely a new *theory* under her original claim). As such, I conclude that some discovery into this area is relevant and timely, although it is rightfully curtailed until the jurisdictional

motions have been decided.[1] However, as it is currently proposed, the requests are overbroad and out of proportion to the *needs and posture* of the case, as addressed below.

### 2. Plaintiff's discovery requests are not proportional.

Pursuant to Rule 26, parties may obtain discovery on any

> nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Here, Plaintiffs' discovery directed at learning more about the SAT process seems important to "resolving the issues." *Id*. In sum, Plaintiffs could either learn that there is a quota system, thus advancing their claims under IDEA, or that there is not, and therefore other theories should be pursued. Knowing whether the quota system theory has any merit may also help to clarify reasonable settlement positions.

However, the importance of this discovery wanes with respect to Defendants MDOE and Genesee. The discovery requests to the MDOE involve SATs, but the requests directed to Flint, the only defendant shown to be utilizing

---

[1] The Court makes no definitive ruling at this time as to the propriety of the discovery requests which will be effectively stayed by this order, although it observes that several of them appear to be overbroad as written and cautions Plaintiffs that they may well be in violation of Fed. R. Civ. P. 33(a)(1), as argued by Defendants.

and setting the policy for SATs directly at issue here, are of more importance to the case. Likewise, Genesee's counsel stated on the record at the hearing that it does not use SATs, and Plaintiffs make no showing otherwise.

## III. ORDER

Accordingly, discovery directed at Defendants MDOE and Genesee is out of proportion to the needs of the case at this time, and, in light of their pending motions to dismiss on jurisdictional grounds, their motions to stay discovery are **GRANTED**. (DE 35 and 37.).

As to Flint, its motion to stay discovery is **GRANTED IN PART AND DENIED IN PART**. (DE 36.) The following limited discovery will be permitted prior to the Court's resolution of the pending motions to dismiss. If the motions are denied and the Court retains jurisdiction over this matter, discovery will proceed pursuant to Judge Tarnow's scheduling order, the Federal Rules of Civil Procedure and the Local Rules of this District. The Relevant Time Periods for all responses are the 2015/2016 and 2016/2017 school years.

Within **THIRTY DAYS OF THE DATE OF THIS ORDER**, Flint must respond to the following discovery requests, as modified herein, in accordance with Fed. R. Civ. P. 33:

**Int. 2:** For the Relevant Time Period, identify the members of the Building Learning Support Services ("LSS") Ancillary Teams at a representative

8

sampling of three schools (one elementary, one middle, and one high school), as chosen by Plaintiffs, and describe the role(s) of these Building LSS Ancillary Teams, including without limitation the full process that such teams follow when reviewing and considering a student's case.

**Int. 6:** For the Relevant Time Period, identify for a representative sampling of three schools (one elementary, one middle, and one high school), as chosen by Plaintiffs: (a) the constitution and members of the SAT; (b) the frequency of SAT meetings at the school; (c) the process by which a typical student's case is, or was, slated for consideration by the SAT at the school, including the source of the request or referral for an evaluation or SAT meeting and the role of the school administrators such as school principals in this process; (d) the amount of time that students at the school must wait for an SAT meeting from the time that the referral or request for evaluation or SAT meeting was made; (e) how long the SAT at the school typically spends considering the case of each child who secures a meeting; and (f) the role of any FCS personnel, including but not limited to the members of the SAT, the building school psychologist, the Building LSS Ancillary Team, and administrators such as school principals, who must give permission and/or clearance and/or recommend an evaluation before an evaluation for special

9

education eligibility can proceed, including when the request or referral is made by any source other than a parent and/or guardian.

**Int. 7:** Identify the FCS district-wide policies, practices, and procedures with respect to how SAT resources, including the personnel constituting the SAT, are allocated, and, if these vary from school to school, identify the same for <u>three</u> schools (one elementary, one middle, and one high school) of Plaintiff's choosing.

**Int. 9:** For <u>three</u> representative schools of Plaintiffs' choosing (one elementary, one middle, and one high school), identify how initial and/or follow-up SAT meetings are scheduled, and set forth the policies, practices, and procedures for that school for allocating available SAT meeting slots.

**Int. 13:** For the Relevant Time Period, identify all of the students who have been evaluated for the first time and/or who have received an SAT meeting for the first time at the middle or high school level at <u>one</u> middle school or high school of Plaintiffs' choosing. [Note that identifiers other than student names are acceptable, as long as each student can be properly differentiated].

**Int. 14:** Identify the FCS Birth to 5 Coordinator and describe his or her role with respect to coordinating child find activities in the FCS schools during the Relevant Time Period.

Within **60 DAYS OF THE DAYS OF THIS ORDER**, Flint must produce Melinda Carroll, who was identified during the hearing as the person most knowledgeable about Flint's SAT procedures, for a limited deposition on this topic, without prejudice to re-deposing her on a broader range of topics should the case survive the pending dispositive motions.

Finally, Defendants' requests for fees or costs are **DENIED**. As to Flint, pursuant to Federal Rule of Civil Procedure 37, if a motion to compel is granted in part and denied in part, the Court *may* apportion reasonable expenses for the motion. Fed. R. Civ. P. 37(a)(5)(C). Here, both sides' positions were substantially justified and required rulings from the Court. In addition, neither Plaintiffs nor Flint fully prevailed, and an award of costs would be unjust under the circumstances.

As to MDOE and Genesee, where a motion is granted the court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses" unless, among other reasons, "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). Here, I conclude that because of Judge Tarnow's practice

guidelines, as well as the February 28, 2017 minute entry, Plaintiffs were substantially justified in assuming that some early discovery was appropriate and motion practice was necessary to determine the issues. Under these circumstances, an award of expenses would be unjust. Accordingly, no costs are awarded to these defendants.

**IT IS SO ORDERED.**


Dated: August 24, 2017           s/Anthony P. Patti
                                 Anthony P. Patti
                                 UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Notice was served upon the parties and/or counsel of record on this date by electronic and/or first class mail.

                                 s/ Lisa C. Bartlett for Michael Williams
                                 Case Manager