UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D.R., as a minor through parent and
next friend, DAWN RICHARDSON, ET
AL.,

      Plaintiffs,

v.

MICHIGAN DEPARTMENT OF
EDUCATION, ET AL.,

      Defendants.
_____/

Case No. 16-13694

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ANTHONY P. PATTI

**ORDER DENYING DEFENDANTS' MOTIONS FOR STAY OF PROCEEDINGS [64, 65, 68]; DENYING DEFENDANTS' MOTION TO ADJOURN [70]**

On October 16, 2017, all Defendants filed notices of appeal of the Court's Order [48] denying in part Defendants' motions to dismiss. [Dkt. #55, 57, 59]. On October 23, 2017, Defendant Michigan Department of Education filed a Motion for Stay of Proceedings [64] and a Corrected Motion for Stay of Proceedings [65]. On October 24, 2017, Defendant Genesee Intermediate School District filed a Response [66], concurring in Defendant Michigan Department of Education's Motion for Stay and objecting to the Court's October 3, 2017 [sic] scheduling order. Also on October 24, 2017, Defendant Flint Community Schools filed a Motion to Suspend Pretrial Proceedings, Stay Proceedings, or Adjourn Hearing [68].

The Court held a Status Conference on October 26, 2017. On October 27, 2017, Defendant Michigan Department of Education filed a Motion to Adjourn Dates [70]. On October 30, 2017, Flint Community Schools filed a Notice of Joinder in Motion to Adjourn Dates [71]. Plaintiffs filed a Response [72] to Defendants' motions on October 30, 2017. On October 31, 2017, Defendant Michigan Department of Education filed a Notice of Joinder/Concurrence in Motion to Adjourn Dates [73]. Defendant Michigan Department of Education filed a Reply [74] on November 1, 2017.

For the reasons stated below, the Court **DENIES** Defendants' motions for stay of proceedings. The Court also **DENIES** Defendants' motion to adjourn.

## BACKGROUND

Plaintiffs are school-age children who are at risk of developing disabilities as a result of elevated levels of lead in the drinking water in Flint, Michigan. Plaintiffs bring claims of systemic violations of the Individuals with Disabilities Education Act (IDEA) against all Defendants.

On September 29, 2017, the Court entered an Order [48], which, among other things, denied Defendants' motion to dismiss for failure to exhaust administrative remedies under the IDEA. On October 2, 2017, the Court held a Status Conference. Following discussions at the Status Conference, the Court

scheduled a hearing for December 4, 2017 on Plaintiffs' Motion for Preliminary Injunction [62].

On October 16, 2017, all Defendants filed Notices of Appeal of the Court's Order [48]. [Dkt. #55, 57, 59]. Defendants seek to appeal the Court's ruling that excuses Plaintiffs' failure to exhaust because they have alleged systemic violations of the IDEA.[1]

Defendants submit that the Court's Order [48] denying Defendants' motion to dismiss for failure to exhaust under the IDEA is immediately appealable because it constitutes a final order under the collateral-order doctrine. Defendants further submit that because filing a notice of appeal divests the district court of jurisdiction, the Court must stay the proceedings pending appeal. Alternatively, should this Court find that it has jurisdiction, Defendants argue that the Court should, in its discretion, grant Defendants' motions for stay or adjourn the hearing scheduled for December 4, 2017.

Plaintiffs maintain that the Court's Order [48] denying Defendants' motion to dismiss for failure to exhaust under the IDEA is not a final order and is therefore non-appealable. Plaintiffs further maintain that the Court need not stay the

---

[1] Defendants also appealed the Court's ruling that Defendant Michigan Department of Education is not entitled to Eleventh Amendment immunity with respect to Plaintiffs' claim under the Americans with Disabilities Act (ADA). Plaintiffs have since stipulated to dismissal with prejudice of their ADA claim against Defendant Michigan Department of Education. Therefore, this Order does not address Defendants' appeal on this issue.

proceedings because the filing of a notice of appeal of a non-appealable order does not divest the district court of jurisdiction. Additionally, Plaintiffs argue that the Court should find that neither a stay nor an adjournment of the hearing is warranted.

**ANALYSIS**

The Sixth Circuit has jurisdiction over final decisions of the district courts. 28 U.S.C. § 1291. Generally, the filing of a notice of appeal divests the district court of jurisdiction of aspects of the case involved in the appeal. *Griggs v. Provident Consumers Discount Co.*, 459 U.S. 56, 58 (1982). However, ". . . the district court retains jurisdiction over an action when . . . an appeal [is] from a non-appealable non-final order . . . ." *Lewis v. Alexander*, 987 F.2d 392, 394-95 (6th Cir. 1993). The purpose of this rule is to prevent litigants from ". . . temporarily depriv[ing] the court of jurisdiction at any and every critical juncture merely by filing a notice of appeal from any non-appealable order entered in district court." *Cochran v. Birkel*, 651 F.2d 1219, 1222 (6th Cir. 1981) (internal quotation marks omitted).

Pursuant to the collateral-order doctrine, courts of appeals have jurisdiction over a small class of non-final orders. *See Will v. Hallock*, 546 U.S. 345, 345-46 (2006) (noting that the "small class" includes orders rejecting absolute, qualified, or Eleventh Amendment immunity). To fall within the doctrine, the order must:

"(1) conclusively determine the disputed question [;] (2) resolve an important issue completely separate from the merits [;] and (3) be effectively unreviewable on appeal from a final judgment." *Id.* (internal quotation marks omitted). The party seeking invocation of the doctrine bears the burden of demonstrating that all three prongs are satisfied. *See Swanson v. DeSantis*, 606 F.3d 829, 833 (6th Cir. 2010). "The justification for immediate appeal must therefore be sufficiently strong to overcome the usual benefits of deferring appeal until litigation concludes." *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 107 (2009).

Thus, Defendants' application for appeal does not *automatically* stay the proceedings in this Court. *See* 28 U.S.C. § 1292(b) (emphasis added). Nonetheless, a district court may, in its discretion, grant a stay upon consideration of four factors:

> (1) [T]he likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; (4) and the public interest in granting the stay.

*Coal. to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2009) (staying the case pending the appeal of an order granting a preliminary injunction).[2]

---

[2] *See also Lewis v. Charter Twp. of Flint*, No. 15-11430, 2015 WL 6125272, at *2 (E.D. Mich. Oct. 19, 2015); *Smith v. Cnty. of Lenawee*, No. 09-10648, 2009 WL 3672107, at *2 (E.D. Mich. Nov. 3, 2009) (applying the aforementioned factors to

**I.  The Court has Jurisdiction Because its Order [48] Denying Defendants' Motion to Dismiss for Plaintiffs' Failure to Exhaust is a Non-Final, Non-Appealable Order.**

Neither the Supreme Court nor the Sixth Circuit has explicitly decided the issue of whether a district court's order denying a motion to dismiss for failure to exhaust under the IDEA is immediately appealable. But, the Sixth Circuit has held that orders resolving issues of exhaustion in other contexts are non-final, and therefore, non-appealable. *See, e.g.*, *Henricks v. Pickaway Corr. Inst.*, 782 F.3d 744, 752 (6th Cir. 2015) (holding that it lacked jurisdiction to decide whether the district court properly held that the defendant waived the exhaustion requirement of the Prison Litigation Reform Act "because the district court's resolution of the issue is neither a final order nor appealable interlocutory order . . . ."); *Simon v. Pfizer Inc.*, 398 F.3d 765, 771 (6th Cir. 2005) (holding that the district court's order, denying defendant's motion to dismiss on the basis that the plaintiff was excused from exhausting his administrative remedies, did not fit within the collateral order doctrine).

---

determine whether to stay proceedings pending the appeals of motions for summary judgment); *Beattie v. CenturyTel, Inc.*, No. 02-10277-BC, 2006 WL 1722207, at *2 (E.D. Mich. June 20, 2006) (applying the aforementioned factors to determine whether to stay proceedings pending the appeal of an order granting class certification).

In determining whether an order is reviewable on appeal, ". . . the Court does not engage in an individualized jurisdictional inquiry, but focuses on the entire category to which a claim belongs." *Mohawk*, 558 U.S. at 101 (citation omitted). The Court finds no reason to deviate from precedent and exclude the issue of exhaustion under the IDEA from the "entire category" of exhaustion. Applying the holdings of *Henricks* and *Simon*, the Court finds that Order [48] denying Defendants' motion to dismiss is non-final.[3]

---

[3] In its Reply [74], Defendant Michigan Department of Education cites to *Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994) for the proposition that it is not for this Court to decide whether the appeal was proper. In *Dickerson*, the defendants appealed the district court's denial of qualified immunity and the district court, upon a motion from the plaintiffs, certified the appeal as frivolous. *Id.* at 251. The district court then ordered the dismissal of the defendants' notice of appeal. *Id.* at 252. The Sixth Circuit held that the district court's attempted dismissal did not affect the Court's jurisdiction over the appeal. *Id.* The Sixth Circuit explained: "[a]lthough this court has suggested in the past that a district court may have jurisdiction to certify an interlocutory appeal from the denial of qualified immunity as frivolous, *see e.g.*, *Yates v. City of Cleveland*, 941 F.2d 444 (6th Cir. 1991), we find no authority that would permit a district court to *dismiss a notice of appeal from such an order*." *Id.* (emphasis added). This case is easily distinguishable from *Dickerson*. Here, unlike *Dickerson*, in which the defendants appealed a decision denying qualified immunity, Defendants attempt to appeal a non-final order on the issue of exhaustion. Unlike qualified immunity, exhaustion "is not a protection from litigation." *Henricks*, 782 F.3d at 752. More importantly perhaps, in this case, the issue of the Court's jurisdiction was prompted by Defendants' motions to stay the proceedings. This differs from *Dickerson* where the plaintiffs moved to certify the appeal as frivolous and the district court dismissed the defendants' appeal. The Court's Order [75] rules on Defendants' motions to stay and/or adjourn; the Order [75] does not dismiss Defendants' appeal.

Furthermore, application of the three-factor test yields the same result. First, Defendants have not demonstrated that the Court's decision to excuse Plaintiffs' failure to exhaust "amounts to a 'conclusive' resolution of the issue." *Swanson*, 606 F.3d at 833. Defendants seem to argue that the Supreme Court's holding in *Fry v. Napolean Cmty. Schs.*, 137 S.Ct. 743, 755 (2017), requiring exhaustion under the IDEA "when the gravamen of a complaint seeks redress for a school's failure to provide a FAPE," is jurisdictional, and therefore, conclusive. But, *Fry* did not resolve the issue of whether exhaustion may be excused because of a systemic violation.

The Order [48], denying a motion to dismiss, "obviously does not conclude litigation." *Henricks*, 782 F.3d at 752. Moreover, a district court's "ruling on the exhaustion issue is not conclusive with respect to [plaintiff's] underlying claims." *See Simon*, 398 F.3d at 771. Accordingly, Defendants have failed to satisfy the first prong.

Second, the Court agrees with Defendants that Order [48] resolves an important issue completely separate from the merits: whether the IDEA's exhaustion requirement may be excused where Plaintiffs allege a systemic violation of the Act.[4] However, this factor alone is not determinative.

---

[4] Defendants cite to *Crocker v. Tenn. Secondary Sch. Athletic Ass'n*, 873 F.2d 933, 935 (6th Cir. 1989), to support their proposition that exhaustion is a significant requirement.

Finally, in support of their argument that the Order [48] is effectively unreviewable, Defendants submit that congressional intent would be thwarted if the Order is not reviewed on an interlocutory basis. [Dkt. #57 at 5]. Defendants' argument on congressional intent is misplaced. The question before the Court is whether the order is effectively unreviewable upon appeal from a final judgment. When the Court renders a *final* judgment in this case, the issue of exhaustion under the IDEA will be subject to appeal at that time.

Defendants have failed to demonstrate that the Sixth Circuit has jurisdiction to hear its appeal of the Court's Order [48] under the collateral-order doctrine. "[T]he class of collaterally appealable orders must remain narrow and selective in its membership." *Mohawk*, 558 U.S. at 113 (internal quotation marks omitted). The Court declines to expand the collateral-order doctrine to include the basis of Defendants' appeal. Therefore, the Court has jurisdiction to proceed with the case.

II. **A Discretionary Stay of the Proceedings is not Warranted.**

The Court considers the aforementioned factors in determining whether to grant a stay of the proceedings.[5] "All four factors are not prerequisites but are

---

[5] "(1) [T]he likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the

interconnected considerations that must be balanced together." *Coal. to Defend Affirmative Action*, 473 F.3d at 244.

First, Defendants are not likely to succeed on the merits of their appeal. As a threshold matter, the Court concluded that the Sixth Circuit does not have jurisdiction over Defendants' appeal of a *non-final* order. Without jurisdiction, the Sixth Circuit cannot reach the merits of Defendants' appeal.

Nevertheless, in support of a stay, Defendants restate many of the arguments raised in their motions to dismiss. However, the Court has already conducted its analysis rejecting Defendants' failure to exhaust claim in its previous order. [Dkt. #48].

Second, it is unlikely that Defendants will be irreparably harmed absent a stay. "'Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough' to reach the level of irreparable harm." *Crookston v. Johnson*, 841 F.3d 396, 404 (6th Cir. 2016) (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)).

Defendants submit that, absent a stay, they will suffer irreparable harm because they will lose the opportunity to have the issues fully determined on the merits. [Dkt. #65 at 22]. However, if the proceedings continue, Defendants *retain*,

---

stay; (4) and the public interest in granting the stay." *Coal. to Defend Affirmative Action*, 473 F.3d at 244.

rather than lose, opportunities to be heard before this Court. Defendants will be afforded the opportunity to present their arguments at the preliminary injunction hearing as scheduled. After a decision is rendered on Plaintiffs' Motion [62], proceedings will continue as necessary.

Defendants further submit that they will be deprived of the autonomy retained to the State under the IDEA absent a stay. *Id.* at 24. While the State bears the "primary responsibility for developing and executing educational programs" under the IDEA, the Court plays a limited role in ensuring that states comply with the law. *See Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 52 (2005); *see also Gagliardo v. Arlington Central School Dist.*, 489 F.3d 105, 112 (2d Cir. 2007) (noting that "the role of the federal courts in reviewing state educational decisions under the IDEA is 'circumscribed.'"). The harm Defendants assert with respect to the State's autonomy is entirely speculative and therefore weighs against a stay of the proceedings. *See Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991) (noting that "the harm alleged must be both certain and immediate, rather than speculative or theoretical.").

Third, if a stay is granted, Plaintiffs may continue to suffer irreparable harm. Plaintiffs are school-age children at risk of developing disabilities as a result of elevated levels of lead in the drinking water in Flint. The extent of the harm inflicted upon these children remains unknown. A stay of the proceedings will only

further delay evaluation of the harm imposed and an assessment of Defendants' compliance with the IDEA.

Lastly, granting a stay is not in the public interest. Defendants argue that if exhaustion is required, the public interest will be served by resolving this case in administrative proceedings, as opposed to the district court. [Dkt. #65 at 28]. But, Defendants fail to demonstrate how administrative proceedings can effectively address the *systemic* violations alleged and relief sought by Plaintiffs.

It is clear that "'[t]he maintenance of appropriate education services to disabled children is in the public interest . . . .'" *Young v. Ohio*, No. 1:12CV967, 2013 WL 146365, at *10 (S.D. Ohio Jan. 14, 2013) (quoting *M.A. ex rel. E.S. v. State Operated Sch. Dist. of City of Newark*, 344 F.3d 335, 352 (3d Cir. 2003)). Staying this litigation would only serve to frustrate that paramount interest.

### III. The Court's October 2, 2017 Scheduling Order Remains in Effect.

The Court has the authority to set and modify its schedule. With respect to motions for temporary restraining orders and preliminary injunctions, "[t]he court may set a different time schedule." E.D. L.R. 65.1.

Defendants request that the Court revise its current schedule and adjourn the preliminary injunction hearing set for December 4, 2017. [Dkt. #70]. Defendants submit that: (1) "there is nothing preliminary about the scheduled hearing" and it is

in essence, a trial on the merits; (2) they have not been provided sufficient time to prepare; and (3) the Court is empowered to expedite trial. *Id.*

The Court rejects Defendants' submission that a preliminary injunction hearing is inappropriate for this type of "final request." The purpose of a preliminary injunction is to prevent irreparable injury and "preserve the Court's ability to render a meaningful decision on the merits." *United Food & Commercial Workers Union, Local 1099 v. SW. Ohio Reg'l Transit Auth.*, 163 F.3d 341, 348 (6th Cir. 1998). Notwithstanding some overlap between the preliminary and final relief requested, the Court may still find it necessary to grant preliminary relief if the status quo is causing irreparable injury. *See id.*

Furthermore, Defendants submit that they do not have enough time to prepare for the hearing. Plaintiffs filed this lawsuit over one year ago. Moreover, as Plaintiffs correctly note, a "preliminary injunction, by its very nature, provides *expedited* relief to prevent irreparable harm." [Dkt. #72 at 31] (emphasis added). The Court is unsympathetic to Defendants' argument that they have had insufficient time to prepare.

## Conclusion

Defendants have failed to demonstrate that the Court's non-final decision to excuse Plaintiffs' failure to exhaust under the IDEA is immediately appealable

under the collateral-order doctrine. Defendants similarly fail to persuade the Court that a discretionary stay of the proceedings is warranted.

Accordingly,

**IT IS ORDERED** that Defendants' Motions for Stay of Proceedings [64, 65, 68] are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Adjourn Dates [70] is **DENIED**.

**SO ORDERED**.

Dated: November 2, 2017

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge