# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

D.R., as a minor through parent and next friend Dawn Richardson, A.K., as a minor through parent and next friend, Angy Keelin, C.D.M., as a minor through parent and next friend Crystal McCadden, C.M., as a minor through parent and next friend Crystal McCadden, J.T., as a minor through parent and next friend Nakiya Wakes, N.S., as a minor through parent and next friend Nakiya Wakes, J.W., as a minor through parent and next friend Kathy Wright, C.D., as a minor through parent and next friend Twanda Davis, D.K. as a minor through parent and next friend Rachel Kirksey, O.N., as a minor through parent and next friend Manita Davis, D.T. as a minor through parent and next friend Manita Davis, D.D. as a minor through parent and next friend Chandrika Walker, J.B. as a minor through parent and next friend Jeree Brown, individually and on behalf of all similarly situated persons,

Case No. 16-CV-13694-AJT-APP
Hon. Arthur J. Tarnow
Mag. Judge Anthony P. Patti

**STIPULATED PROTECTIVE ORDER REGARDING FERPA, CONFIDENTIAL RECORDS AND CLAW BACK**

    Plaintiffs,

v.

Michigan Department of Education, Genesee Intermediate School District and Flint Community Schools,

    Defendants.

The parties recognize that during the course of this litigation information may be sought regarding individuals who are or were students at defendant Flint Community Schools ("FCS") or at other entities, including individuals who are not parties to this litigation, and including but not limited to information which may be protected education records as defined in the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g (popularly known as "FERPA"). FERPA is a federal law that protects the privacy of student education records. It applies to all schools that receive funds under an application program of the U.S. Department of Education. The privacy rights and interests protected thereby belong to the student not the school district or intermediate school district. Therefore, unless an exception applies, education records regarding other students, which Plaintiffs are or may be seeking in this case, cannot be produced by Defendants without the consent of the student. In this case, an exception that would apply is a court order. Even where there is a court order, 34 C.F.R. § 99.31(a)(9)(ii) provides that an educational agency or institution must make a "reasonable effort to notify the student of the order in advance of compliance so that the student may seek a protective action.".

The parties also recognize that during the course of this litigation, medical, psychological, and other health-related information ("health records") may be sought regarding children in Flint, including Plaintiffs. As with educational

records, children have a strong privacy interest in maintaining the confidentiality of health records to the maximum extent feasible.

In light of the above, the parties' intend in this case to comply with relevant discovery requests for education and health records concerning students and children other than the parties by redacting the names and any identifying information regarding the student or child – unless and until the Court orders otherwise. If the Court does so order the production of education records without redaction, then Defendants intend, under FERPA, to make a reasonable effort to give notice in advance of compliance.

Further, regardless of whether or not there is any identifying information regarding the student or child, all education and health records, even with redactions, are subject to this Protective Order.

All such records, are hereafter collectively referred to as "confidential records" whether or not specifically so designated as such on the face of the documents. This Order is intended to govern the use of such confidential records if they are obtained, regardless of the source from which obtained.

For purposes of this Order, "confidential records" includes those files, documents, information, discovery responses and other materials – regardless of its form or format and regardless of the source from which obtained – which contain educational or health information regarding an individual, and which are or were

created or maintained by an educational agency or institution, a medical, psychological, or healthcare provider or institution, or by a person acting for such agency, provider or institution. The parties also stipulate to a "claw back" provision for any inadvertent disclosure of attorney-client, work product, or trial preparation material.

In accordance with the stipulation of the parties, **IT IS ORDERED** as follows:

### 1. NON-PARTY CONFIDENTIAL RECORDS

Except as provided in this Order, no confidential records regarding a non-party obtained from any source, or the information contained therein, shall be disclosed or used by any party for any purpose, without the non-party individual's explicit written consent, unless the record has been redacted or ordered disclosed without redactions as outlined above.

The parties and non-parties who are provided with this Order agree to be bound by its terms, and may use (see provisions below), disclose and/or maintain a confidential non-party student record in response to a valid subpoena, discovery request or other lawful process;

The parties and others to whom this Order applies agree not to use or disclose any confidential records or the information contained therein, except for the prosecution or defense of this lawsuit;

The parties and others to whom this Order applies are permitted to use the confidential records and the information contained therein in a manner that is reasonably connected to the prosecution or defense of this lawsuit, including disclosures to the parties and opposing party(s), to a party's attorneys of record, the attorneys' firms (i.e., attorneys, support staff, agents, consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process, and as provided in this Order.

In order to maintain confidentiality of the confidential records, before any such confidential record or the information contained therein which is obtained by a party is disclosed by that party to anyone other than the parties to this litigation or their attorneys or employees, those persons to whom such further disclosure is to be made shall first be provided by the disclosing party with a complete copy of this Order and the disclosing party shall obtain from those persons to whom disclosure is being made a signed Acknowledgment to be bound by this Order, which will be provided to counsel for the opposing party upon request. Such signed Acknowledgment is not required for disclosure to the Court or its personnel, court reporters or jury in this matter.

The parties agree that within 90 days of the termination of this lawsuit, whether by issuance of a final order, the extinguishment of all appeals or

otherwise, all parties (and any others to whom that party has made disclosure), subject to applicable state and federal law, shall destroy any confidential records (including all copies) obtained, and any notes, computer files or other records of any sort containing any confidential record information or return such records to the covered entity from which it obtained the records, and shall provide written confirmation of compliance with this provision to counsel for the opposing party(s).

Nothing in this Order or the fact that a party has consented to entry of the Order constitutes an agreement to provide any confidential record or information, or constitutes a determination as to the propriety or enforceability of any subpoena or discovery request, constitutes a waiver of any objection to any subpoena or discovery request, or constitutes a determination as to the discoverability or admissibility of any document or information.

## 2. CONFIDENTIAL RECORDS OF A PARTY

The terms and restrictions of this Order apply to the confidential records regarding a party, except as follows:

Notwithstanding any other provision of this Order, when a Defendant discloses confidential records that pertain to a party directly to that party, or when a party discloses confidential records that pertain to a party directly to Defendants, the disclosure may be made without redactions. Further disclosure or use of such

records is prohibited except as provided by the other terms and restrictions of this Order.

Notwithstanding any other provision of this Order, a party about whom confidential records pertain shall not be restricted by this Order in the use, disclosure, or maintenance of such records.

### 3. INADVERTENT DISCLOSURE

The production of attorney-client privileged materials, work product-protected materials, or trial preparation materials shall not constitute a waiver of those protections. In the event of production or disclosure of such protected information, the parties will follow the procedure set out in Fed. R. Civ. P. 26(b)(5). Further, any review undertaken by the producing party for privilege, work product, or trial preparation undertaken by producing parties is deemed to satisfy all the reasonableness requirements of Federal Rule of Evidence 502(b).

### 4. MODIFICATION OF TERMS

The parties' stipulation to this order is without prejudice to their ability to seek different terms and restrictions regarding the disclosure and use of confidential records at a later stage of the litigation, including upon class certification should that occur.

Dated: November 16, 2017

s/Arthur J. Tarnow
United States District Judge

I STIPULATE TO THE ENTRY OF
THE ABOVE ORDER:

/s/ *Kary L. Moss*
 Kary L. Moss (P49759)
 Kristin L. Totten (P72942)
 Daniel S. Korobkin (P72842)
 Michael J. Steinberg (P43085)
 *Attorneys for Plaintiffs*
 ACLU Fund of Michigan
 2966 Woodward Avenue
 Detroit, MI 48201
 ((313) 578-6800
 kmoss@aclumich.org
 ktotten@aclumich.org
 dkorobkin@aclumich.org
 msteinberg@aclumich.org


/s/*Gregory M. Starner*
Gregory M. Starner
Lindsay M. Heck
Walter A. Ciacci
Dominique N. Forrest
Laura A. Grai
*Attorneys for Plaintiffs*
White & Case LLP
1221Avenue of the Americas
New York, NY 10020
(212) 819-8200
gstarner@whitecase.com
lindsay.heck@whitecase.com
walter.ciacci@whitecase.com
dominque.forrest@whitecase.com
laura.grai@whitecase.com

/s/ *Timothy J. Haynes*
Timothy J. Haynes (P41196)
Travis M. Comstock (P72025)
Richard S. Kuhl (P42042)
Margaret A. Bettenhausen (P75046)
Nathan A. Gambill (P75506)
Zachary C. Larsen (P72189)
*Attorneys for Defendant*
*Michigan Department of Education*
*Michigan Department of Attorney General*
*Health, Education & Family Services Division*
P.O. Box 30758
Lansing, Michigan  48909
(517) 373-7700
haynest3@michigan.gov
comstockt@michigan.gov
kuhlr@michigan.gov
bettenhausenm@michigan.gov
gambilln@michigan.gov
larsenz@michigan.gov

 /s/*Timothy J. Mullins*
 Timothy J. Mullins (P28021)
 John L. Miller (P719613)
 *Attorneys for Defendant*
 *Genessee Intermediate School District*
 101 W. Big Beaver Road, 10th Floor
 Troy, MI 48084-5280
 (248) 457-7020
 tmullins@gmhlaw.com

| | |
|---|---|
| /s/*David G. Sciarra* | /s/ *Donald B. Miller* |
| David G. Sciarra | Donald B. Miller (P23419) |
| Gregory G. Little | Frederick A. Berg, Jr. (P38002) |
| Jessica A. Levin | James S. Rosenfeld (P39434) |
| *Attorneys for Plaintiffs* | Brett J. Miller (P68612) |
| Education Law Center | Michael Griffie (P79836) |
| 60 Park Place, Suite 300 | Hannah Treppa (P80978) |
| Newark, NJ 07102 | Butzel Long, a professional corporation |
| (973) 624-1815 | *Attorneys for Defendant* |
| dsciarra@edlawcenter.org | *Flint Community Schools* |
| jlevin@edlawcenter.org | 150 W. Jefferson Avenue, Ste. 100 |
| glittle@edlawcenter.org | Detroit, MI 48226 |
| | (313) 224-7020 |
| | miller@butzel.com |
| | berg@butzel.com |
| | rosenfeld@butzel.com |
| | millerbr@butzel.com |
| | griffie@butzel.com |
| | treppa@butzel.com |

**ACKNOWLEDGEMENT OF READING
AND AGREEMENT TO BE
<u>BOUND BY PROTECTIVE ORDER</u>**

1. My full name is _____.

2. My address is _____

_____

_____

3. My present employer is _____

_____

4. My present occupation or job description is _____

_____

5. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order. I will comply with all of the provisions of the Protective Order.

6. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any Confidential materials disclosed to me.

7. I will return all Confidential materials and all copies which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

8. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

_____
(Signature)

Dated:_____

1828851