UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D.R., a minor child, *et al.*,

        Plaintiffs,

v.

MICHIGAN DEPARTMENT
OF EDUCATION, *et al.*,

        Defendants.
_____/

Case No. 2:16-cv-13694
District Judge Arthur J. Tarnow
Magistrate Judge Anthony P. Patti

**ORDER REQUIRING PLAINTIFFS TO PROVIDE A SUPPLEMENTAL
SETTLEMENT SUMMARY IN ADVANCE OF THE DECEMBER 12, 2018
SETTLEMENT CONFERENCE**

The Court previously invited the various parties to submit confidential, *ex parte,* supplemental settlement statements to the Undersigned at their option, in advance of the settlement conference which is scheduled to take place on December 12, 2018. The parties are reminded that they may, but are not required to do so, to the extent that they have not already done so.

The Undersigned has reviewed portions of the Plaintiffs' October 15, 2018 motion for class certification, which is pending before Judge Tarnow, as well as supplemental, *ex parte* settlement statements from some of the parties. In order to facilitate a more meaningful settlement discussion next week, the Court has determined that certain information is required from Plaintiffs in the form of a

supplemental settlement statement, to be submitted to the Undersigned and separately served upon each defendant's counsel by electronic means (but NOT to be filed on the docket, as it shall constitute a settlement communication subject to the protections of Fed. R. Evid. 408), on or before **December 11, 2018 at 12:00 P.M**. This supplemental settlement statement shall:

1. Identify the statutory authority, or relevant case law decided under the Individuals with Disabilities Education Act (IDEA), which supports Plaintiffs' position that the State of Michigan Department of Education is obligated to supply funding in the event that a local education authority is unable to meet its independent IDEA obligations, if the shortfall in funding is caused in any way by the local education authority's failure to adequately manage its financial matters or otherwise.

2. With factual specificity, identify how the State of Michigan's IDEA state plan violates 20 U.S.C. § 1412(a)(5)(B) or 34 CFR § 300.114(b)(1) with respect to each plaintiff.

3. Supply relevant IDEA case law where federal courts have awarded relief against a state educational authority based wholly or partially on 20 U.S.C. § 1412(a)(5)(B) or 34 CFR § 300.114(b)(1).

4. Identify the specific Flint Community Schools (FCS) policy or procedure, *without respect to statistical data as to outcomes*, which demonstrates that FCS failed to provide suspension/expulsion procedural safeguards to the parents of the Plaintiffs or other proposed class members.

5. Explain whether FCS has ever sought relief from the Michigan Department of Education or the Genesee Intermediate School District by FCS demonstrating that it is unable to provide compliant special education services pursuant to Mich. Comp. Laws § 380.1702. (FCS is likewise invited to weigh-in on this

issue, if it believes that this will enhance the settlement discussion.)

**IT IS SO ORDERED.**

Dated: December 6, 2018          s/*Anthony P. Patti*
                                                 Anthony P. Patti
                                                 UNITED STATES MAGISTRATE JUDGE

## **Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on December 6, 2018, electronically and/or by U.S. Mail.

                                                 s/Michael Williams
                                               Case Manager for the
                                               Honorable Anthony P. Patti