UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D.R., as a minor through parent and next friend Dawn Richardson, A.K., as a minor through parent and next friend, Angy Keelin, C.D.M., as a minor throught parent and next friend Crystal McCadden, C.M., as a minor through parent and next friend Crystal McCadden, J.T., as a minor through parent and next friend Nakiya Wakes, N.S., as a minor through parent and next friend Nakiya Wakes, J.W., as a minor through parent and next friend Kathy Wright, C.D., as a minor through parent and next friend Twanda Davis, D.K. as a minor through parent and next friend Rachel Kirksey, M.K. as a minor through parent and next friend Rachel Kirksey, O.N., as a minor through parent and next friend Manita Davis, D.T. as a minor through parent and next friend Manita Davis, D.D. as a minor through parent and next friend Chandrika Walker, C.W. as minor through parent and next friend Chandrinka Walker, J.B. as a minor through parent and next friend Jeree Brown, individually and on behalf of all similarly situated persons,

Case No. 16-CV-13694-AJT-APP

Hon. Arthur J. Tarnow

Hon. Mag. J. Anthony P. Patti

               Plaintiffs,

v.

Michigan Department of Education, Genesee Intermediate School District and Flint Community Schools,

               Defendants.

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO CERTIFY A CLASS, APPOINT CLASS COUNSEL, PRELIMINARILY APPROVE CLASS SETTLEMENT, DIRECT CLASS NOTICE, AND SCHEDULE A FAIRNESS HEARING**

This is a putative class action lawsuit for injunctive and declaratory relief. The putative plaintiff class consists of all present and future children, ages 3 through 26, who resided in the City of Flint on or after April 2014 up until December 31, 2018, or who were on the City of Flint Water Supply on or after April 2014 up until December 31, 2018, or who were impacted by the Flint Water Crisis, and who require special education and related services pursuant to the IDEA[1] and its federal implementing regulations, and/or 504 services pursuant to Section 504[2], as well as analogous provisions of Michigan state law ("Eligible Students"). Plaintiffs allege that Defendants have failed to discharge their "Child Find" obligations to identify all children with disabilities and provide comprehensive evaluations in all areas of suspected disability; that Defendants have failed to provide required special education and related services to qualifying students with disabilities; that Defendants have further failed to apply necessary procedural safeguards in the administration of disciplinary practices; and that they have unfairly discriminated

---

[1] The IDEA refers to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*
[2] Section 504 refers to Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794 *et seq.*

against students with disabilities who qualify or who should be found to qualify for special education and related services. Defendants deny these allegations.

At a status conference on October 13, 2020, the parties announced that they had arrived at an agreement to settle this matter. Because their settlement agreement calls for certification of a class, as well as class-wide relief, it is subject to this Court's approval according to the procedures set forth in Rule 23(e) of the Federal Rules of Civil Procedure.

Now before the Court is Plaintiffs' motion to certify a class, appoint class counsel, preliminarily approve the class settlement, direct class notice, and schedule a fairness hearing. In support of their motion, Plaintiffs have incorporated by reference their previously filed brief in support of class certification, and they have submitted a copy of their settlement agreement with the Defendants, and a proposed class notice. Plaintiffs have further indicated that counsel for all parties have discussed the contents of the motion and Defendants do not oppose it.

Having reviewed Plaintiffs' submissions and based on its review of the factors set forth in Federal Rule of Civil Procedure 23, *UAW v. GMC*, 497 F.3d 615, 622 (6th Cir. 2007), and *Pelzer v. Vassalle*, 655 F. App'x 352, 359 (6th Cir. 2016), the Court concludes that Plaintiffs' motion is due to be granted.

Accordingly, it is **ORDERED** as follows:

1. Plaintiffs' unopposed motion to certify a class, appoint class counsel, preliminarily approve class settlement, direct class notice, and schedule a fairness hearing (Dkt. No. 166) is **GRANTED**.

2. Plaintiffs' motion for class certification (Dkt. No. 128) of a stipulated class consisting of all Eligible Students as defined herein is **GRANTED**.

3. A class consisting of all Eligible Students as defined herein is **CERTIFIED** for injunctive and declaratory relief and for settlement purposes only.

4. Attorneys Gregory G. Little, Lindsay M. Heck, and Daniel S. Korobkin are **APPOINTED** class counsel.

5. Class settlement as proposed by the parties is **PRELIMINARILY APPROVED**.

6. Class notice as proposed by the parties is **APPROVED**, and each Defendant is **DIRECTED** to post the class notice on its respective website no later than 7 days after the entry of this Order.

7. The Clerk of the Court is **DIRECTED** to promptly e-file any written objections to the proposed settlement and to make appropriate redactions required by Fed. R. Civ. P. 5.2(a).

8. The proposed class settlement is set for a virtual **HEARING** on April 12, 2021 at 2:30 p.m. using the following Zoom information:

https://www.zoomgov.com/j/1608592895?pwd=blpmTVlLQkJveVJSenJpc0E2TFUwQT09 Passcode: 556475 Or iPhone one-tap: US: +16692545252,,1608592895# or +16468287666,,1608592895#.

**IT IS SO ORDERED.**

s/Arthur J. Tarnow  
ARTHUR J. TARNOW  
UNITED STATES DISTRICT JUDGE

Dated: March 1, 2021