```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF MICHIGAN
                          SOUTHERN DIVISION

D.R., AS A MINOR THROUGH
PARENT AND NEXT FRIEND
DAWN RICHARDSON, ET AL.,

              Plaintiffs,
                                     HON. ARTHUR J. TARNOW
    v.                               No. 16-CV-13694

MICHIGAN DEPARTMENT OF EDUCATION,
GENESEE INTERMEDIATE SCHOOL
DISTRICT and FLINT COMMUNITY
SCHOOLS,

              Defendants.
_____/


              PROPOSED CLASS SETTLEMENT HEARING
                  (Held Via Videoconference)

       BEFORE UNITED STATES DISTRICT JUDGE ARTHUR J. TARNOW
              Theodore Levin United States Courthouse
                   231 West Lafayette Boulevard
                        Detroit, Michigan
                      Monday, April 12, 2021
                            2:31 p.m.


APPEARANCES:

   For Plaintiffs:            LINDSAY M. HECK
                              GREGORY G. LITTLE
                              White & Case LLP
                              1221 Avenue of the Americas
                              New York, New York  10020
                              (212) 819-2551



       (Appearances continued)


              To Obtain Certified Transcript, Contact:
          Leann S. Lizza, CSR-3746, RPR, CRR, RMR, CRC, RDR
                          (313) 234-2608
```

```
 1   APPEARANCES (Continued):

 2      For Plaintiffs (cont'd):      DANIEL S. KOROBKIN
                                      American Civil Liberties Union
 3                                      of Michigan
                                      2966 Woodward Avenue
 4                                    Detroit, Michigan  48201
                                      (313) 578-6824
 5
                                      KRISTEN TOTTEN
 6                                    Totten and Rucker, PLLC
                                      5985 West Main Street
 7                                    Kalamazoo, Michigan  49009
                                      (269) 270-1278
 8

 9      For Defendant Michigan        ELIZABETH R. HUSA BRIGGS
        Dept. of Education:           TRAVIS M. COMSTOCK
10                                    RICHARD S. KUHL
                                      Michigan Department of
11                                      Attorney General
                                      P.O. Box 30758
12                                    Lansing, Michigan  48909
                                      (517) 373-7700
13

14      For Defendant Genesee         JOHN L. MILLER
        Intermediate School Dist.:    Giarmarco, Mullins & Horton,
15                                      P.C.
                                      101 West Big Beaver Road
16                                    Troy, Michigan  48084
                                      (248) 457-7000
17

18      For Defendant Flint           DONALD B. MILLER
        Community Schools:            Butzel Long
19                                    150 West Jefferson Avenue
                                      Suite 900
20                                    Detroit, Michigan  48226
                                      (313) 225-7000
21

22

23

24

25
```

**TABLE OF CONTENTS**

| <u>Proceeding</u> | <u>Page</u> |
|---|---|
| Proposed class settlement hearing | 4 |

| <u>Exhibits</u>: | <u>Received</u> |
|---|---|
| (None offered.) | |

**PROPOSED CLASS SETTLEMENT** 4

```
 1                                            April 12, 2021
 2                                            Detroit, Michigan
 3                                  - - -
 4      (Court and Counsel present; 2:31 p.m.)
 5            THE COURT CLERK:  Now calling the case of DR,
 6   et al. v. Michigan Department of Education, et al.; the
 7   Honorable Arthur J. Tarnow presiding.
 8            Counsel, please make your appearances for the record.
 9            MR. LITTLE:  Gregory Little for the Education Law
10   Center on behalf of the children of Flint.
11            MS. HECK:  Lindsay Heck from White & Case on behalf of
12   the children of Flint.
13            MS. TOTTEN:  Kristen Totten of the ACLU of Michigan
14   on behalf of the children of Flint.
15            MR. KOROBKIN:  Dan Korobkin also from the ACLU of
16   Michigan on behalf of the children of Flint.
17            THE COURT:  Okay.  Anyone here for the defense?
18            MR. DONALD MILLER:  Yes, Your Honor.  Donald Miller on
19   behalf of the Flint Community Schools.
20            THE COURT:  Okay.
21            MR. COMSTOCK:  For the State of Michigan, Michigan
22   Department Of Education, Assistant Attorney General Travis
23   Comstock and my colleague, Elizabeth Briggs.
24            MR. KUHL:  Richard Kuhl, also for the Michigan
25   Department of Education.
```

**D.R. ET AL. v. MICHIGAN DEPT. OF ED., ET AL., 16-CV-13694**

| | |
|---|---|
| 1 | MR. JOHN MILLER: And good afternoon, Judge.  John |
| 2 | Miller on behalf of the Genesee Intermediate School District. |
| 3 | THE COURT:  Okay.  Everyone is welcome.  Good |
| 4 | afternoon. |
| 5 | MR. LITTLE:  Good afternoon, Your Honor. |
| 6 | THE COURT:  [Indiscernible due to crosstalk] for the |
| 7 | purpose of ratifying the settlement.  First of all, does anyone |
| 8 | know of any objections that have been filed? |
| 9 | MR. LITTLE:  The plaintiffs are unaware of any |
| 10 | objections, Your Honor. |
| 11 | THE COURT:  Defense?  Do you know of any? |
| 12 | MR. DONALD MILLER:  No, Your Honor. |
| 13 | THE COURT:  Nor do I.  So how do you want to proceed? |
| 14 | MR. LITTLE:  Your Honor, I think we can be very brief. |
| 15 | Miss Heck and I have divided this up.  I'm going to talk in |
| 16 | more general terms and then she will go into some more details |
| 17 | and point out that there are a couple of contingencies. |
| 18 | THE COURT:  Stop.  While your voice is very |
| 19 | distinctive, I'm sure the court reporter may not know who you |
| 20 | are, so begin again by identifying yourself. |
| 21 | MR. LITTLE:  I apologize. My name is Gregory Little. |
| 22 | I'm with the Education Law Center on behalf of the children of |
| 23 | Flint. |
| 24 | THE COURT:  Okay.  Now -- |
| 25 | MR. LITTLE:  Yes. |

1    THE COURT: -- what do you have to say, Mr. Little?
2    MR. LITTLE: Well, Your Honor, for the last four years
3 we've started these hearings with the plaintiffs saying we are
4 here on behalf of the children of Flint and then we turn to the
5 defendants, and I'm very pleased today and very comfortable in
6 saying that all of us are here today on behalf of the children
7 of Flint, and that's why I don't believe there are any
8 objections to this settlement.
9    I think the defendants and the plaintiffs over the
10 past four years, it's been a very hard fought litigation, but I
11 will say on behalf of the plaintiff we have nothing but utmost
12 respect for counsel for the defendants, and over the course of
13 the past year we have worked very diligently to come up with a
14 resolution that would satisfy everyone's concerns and would
15 also go a long way towards addressing the problems that we felt
16 needed to be raised from the very beginning. And I'm very
17 pleased to announce today that we think we have more than
18 addressed the three issues that caused this concern, but we
19 think with this settlement we will be exceeding the
20 expectations of what is needed to address those issues.
21    And just as a reminder, there were three primary
22 issues that we felt needed to be addressed. Number one, there
23 needed to be a universal screening process to identify those
24 kids who needed help as a result of the lead in the water.
25 Number two, once we identified these kids, we needed to have

1    programs and resources available to actually treat the issues
2    that were caused by the lead.  And number three, we were
3    looking to have a situation where children who had needs were
4    not being automatically subjected to discipline as opposed to
5    addressing those needs.  And with the settlement that we have
6    reached an agreement on, we believe we addressed all three of
7    those, and not only are we going to provide a better future for
8    these children in Flint, we think in a lot of ways this
9    resolution is going to be a model across the country for how
10   you deal with urban school districts that are confronted with
11   lead problems.
12           And, again, I just want to express our deep
13   appreciation to the State, to the County and to the Flint
14   Community Schools for the hard work that they put into this as
15   well, and I think over the course of the next -- well,
16   immediately we're going to see significant benefits, but we
17   think long term we're going to see even more benefits as a
18   result of this very unique, very ground-breaking settlement.
19           And with that I would like to introduce the Court -- I
20   don't believe Miss Heck has had the good fortune to appear
21   before Your Honor, but she is the lead trial counsel for
22   White & Case, has been on this case from the very beginning,
23   and since this may well be our last opportunity to be before
24   you, I think very appropriate that she wraps it up for us on
25   the plaintiffs' side.

1  THE COURT: Before she starts, I appreciate your
2  recognizing the joint effort not only from your co-counsel but
3  from the attorneys and the parties on the other side. The one
4  person you did not mention who --
5  MR. LITTLE: Can I call a time-out, Your Honor? Can I
6  call a time-out? Let me try to make up for it. I know where
7  you're going, and that's an error on my part.
8  THE COURT: Wait, wait. You're the first person in my
9  life who knows where I'm going.
10  MR. LITTLE: It is with deep, deep appreciation that
11  we also want to give our gratitude to Magistrate Patti. He was
12  incredibly helpful from the very beginning. There were
13  literally moments where people were getting up ready to walk
14  out of the room and it was because of his good judgment and his
15  leadership that we were able to pull this together, and he
16  pointed us in the right direction and we do so greatly
17  appreciate it. And accept my apologies for forgetting to
18  mention that on the front.
19  THE COURT: Well, before we hear from your partner, I
20  have a background in criminal defense work, and I'm very
21  familiar with the expression or phrase good cop/bad cop.
22  Judge Patti was the good cop, and I talked to him enough to be
23  informed of the ups and downs. And I encouraged him to refer
24  to me as the bad cop, that if you guys couldn't work it out;
25  you have to come back and see me. And I like the role because

1  I didn't have to do any work; he did all the work.
2         MR. LITTLE: It was a very effective threat, Your
3  Honor. It was a very effective threat.
4         THE COURT: Counsel, you may begin.
5         MS. HECK: Thank you. Good afternoon, Your Honor.
6         I'm going to attempt to share my screen because, as
7  you know, we have in the past presented in person with poster
8  boards as we've reached settlements, and so we have one slide
9  that sets forth the various aspects of the settlement that we
10 are here and proposing to the Court to approve today.
11        This settlement agreement that all of the parties have
12 come together and reached really does two things. It, first,
13 will funnel substantial resources into Flint Community Schools
14 and other districts with impacted students, and it will also
15 lead to and precipitate structural changes.
16        With respect to the increased resources, the State of
17 Michigan will contribute at least $9 million to establish the
18 Flint Water Crisis Special Education Fund which will be known
19 as the SEF. It will be used to strengthen the special
20 education supports and services that children receive at
21 school. The settlement strikes a very delicate balance between
22 funneling resources into Flint Community Schools as well as the
23 other districts in Genesee County that some of the class
24 members have transferred to and that they now attend. There
25 will be quarterly reports and biennial audits tracking how the

1  funds are distributed. And upon final disbursement of the SEF
2  funds, there will be a final report which will assess the
3  effectiveness of those funded services in addressing the needs
4  of eligible students and which will also set forth nonbinding
5  recommendations as to whether the services provided through the
6  SEF shall continue.
7       The Genesee Intermediate School District will also
8  provide supplemental assistance to Flint Community Schools and
9  other districts impacted by the Flint water crisis including
10 $1 million for county-wide special education transportation and
11 $1.2 million in staff and services for FCS schools.
12      This support will notably continue into the future
13 with the Genesee Intermediate School District committing to
14 work with Flint Community Schools in good faith with future --
15 to assist with future staffing needs and filling critical
16 vacancies as Flint Community Schools has historically faced
17 chronic challenges in attracting and retaining talent.
18      Finally, the Genesee Intermediate School District will
19 provide professional investment and training in special
20 education to teachers and staff at Flint Community Schools and
21 it will also provide behavioral interventions and support for
22 services. One of the benefits of the settlement agreement is
23 that it does call for collaboration between Flint Community
24 Schools and Genesee Intermediate School District, thereby
25 helping to promote and bolster a productive, cooperative

working relationship between these two parties that will serve both on a going-forward basis.

With respect to the structural changes that the settlement agreement contemplates, we start with a comprehensive assessment that the Genesee Intermediate School District will undertake to assess preschool programs, and the intention is to ensure the delivery of high quality developmentally appropriate universal preschool programs for all of the three and four year olds in Flint. The assessment will review resources that are necessary to bring all existing programs up to high quality standards and it will also make recommendations as to how to reduce barriers to assets. This is important because for children with special education needs, as well as children who have been exposed to lead, a focus on early childhood development is critical. The earlier that interventions are provided, the better for these children.

Secondly, the Genesee Intermediate School District will review and make necessary modifications to the county-wide special education program plan which has not been updated since the Flint water crisis. The plan will be revised with community input to ensure the effective delivery of special education and related services to all students qualifying for special education in Genesee County.

Finally, consistent with this, the Genesee Intermediate School District will pursue a county-wide tax

1   increase for special education-related services.  Under the
2   settlement agreement, it will develop a plan to explain to the
3   voters the need for the increase and will use its best efforts
4   to secure voter approval of the tax increase.
5              At this juncture we would be happy to take any
6   questions from the Court or to review the factors that the
7   Court must consider under Federal Rule of Civil
8   Procedure 23(e)(2) in determining whether the settlement is
9   fair, reasonable and adequate.
10             THE COURT:  First question is does anybody have
11  anything to add or object to?
12             MR. KUHL:  Your Honor, this is Richard Kuhl from the
13  Michigan Department of Education.  I think one important factor
14  about the settlement that needs to be emphasized and brought to
15  your attention, which is that the settlement is contingent upon
16  the finalization of the overall Flint settlement that's pending
17  in front of Judge Levy.  I just didn't want that to go unnoted.
18  She, Judge Levy, has set that settlement for fairness hearing
19  on July 12th, I believe it is, and so that won't take place
20  until later of the year.  So I thought it was important to make
21  sure that that was brought to your attention.
22             THE COURT:  Okay.  What's the date of Judge Levy's
23  hearing?
24             MR. KUHL:  July 12th.
25             MS. HECK:  Your Honor, we would like to take a moment,

```
 1   if possible, to discuss the logistics of approving this
 2   settlement for the reasons that Mr. Kuhl mentioned, that it is
 3   contingent upon approval of the global settlement which is
 4   scheduled for the fairness hearing exactly three months from
 5   today, on July 12th.  And our suggestion is that we would like
 6   the parties to submit two proposed orders to the Court.  The
 7   first, which could be entered at any time by the Court, will
 8   state that the settlement agreement is approved noting that the
 9   settlement agreement will only become final upon approval of
10   the global settlement agreement in the In Re Flint Water cases
11   pending before Judge Levy.  And then the second proposed order,
12   which will be submitted to the Court after approval of the
13   larger global settlement, would be for the Court to dismiss the
14   case with prejudice retaining jurisdiction only for the
15   purposes of enforcing the settlement agreement.
16           THE COURT:  Any objection to that method of
17   proceeding?  From the defendants, nothing?
18           MR. KUHL:  No, Your Honor.
19           THE COURT:  Okay.  Is there anything either side wants
20   me to put on the record in terms of the findings under Federal
21   Rule of Civil Procedure 23(e) to supplement my prior ruling
22   indicating that I approved the proceeding of the class as it
23   was then?  In other words, has anything changed?
24           MR. LITTLE:  No, Your Honor.  I think your prior
25   ruling is sufficient.
```

| | |
|---|---|
| 1 | THE COURT: Okay. Well, if it's not sufficient, I |
| 2 | will incorporate it by reference right now. |
| 3 | Is there anything else procedurally that I should be |
| 4 | doing other than accept the proposal that -- I might use |
| 5 | different language, but taking the motion under advisement with |
| 6 | an indication that I'm approving the settlement subject to the |
| 7 | rulings in Judge Levy's case. Is that what plaintiff wants? |
| 8 | MR. LITTLE: Yes, Your Honor. |
| 9 | THE COURT: Okay. And defendant is okay with that? |
| 10 | MR. COMSTOCK: Yes, Your Honor. |
| 11 | THE COURT: Okay. I'll ask the question again. Is |
| 12 | there anything else that I should be addressing at this time |
| 13 | before if we take the posture of just waiting to see |
| 14 | Judge Levy's decision? |
| 15 | I cannot express my gratitude to all of you, not |
| 16 | because it takes a case off my docket, because I learned a long |
| 17 | time ago I don't get a bonus for closing cases; not because my |
| 18 | at least one law clerk is relieved; but in a positive way what |
| 19 | you have done and you've described as, if not the first, a |
| 20 | leading method of dealing with the water situation in many |
| 21 | other jurisdictions besides Flint. The -- I won't call it a |
| 22 | silver lining, but this would not have gotten done without the |
| 23 | tragedy and the stupidity of the switching systems way back |
| 24 | when. But at least you folks working together have made the |
| 25 | best of it. |

```
 1              It's remedial which by definition means there's a
 2   problem, serious problem, that you're addressing that should
 3   never have happened, but once it happened, you guys should all
 4   be proud of your law school education and, more importantly,
 5   your willingness to work, and I -- my memory is long enough, so
 6   I know perhaps a very difficult part of each of your
 7   representation is dealing with your clients and their
 8   expectations and their values.  And I know that the State and
 9   governments are traditionally short of money and try and save
10   on resources.  And the ability to get all of the government
11   entities to reach what we are all recognizing is a reasonable
12   result and more than, according to plaintiff attorney, the
13   original expectations is a tribute to all of you and a tribute
14   to Judge Patti who did a lot of the work necessary for you guys
15   to be able to talk to your clients and reach this result.  And
16   I thank you all.
17              If there's nothing else, I think we're done.
18              MR. LITTLE:  Well, I think I can speak for everyone,
19   Your Honor.  We also thank you.  This has been quite an
20   experience.  And we greatly appreciate the opportunity to have
21   been before you on this.  Thank you very much.
22              THE COURT:  Well, just remember that on April 15th
23   when you pay my pension.
24              MR. LITTLE:  Will do, Your Honor.  Will do.
25              THE COURT:  We're done.  Thank you all.
```

1  MR. LITTLE: Thank you.
2  MR. KOROBKIN: Thank you, Your Honor.
3  (Proceedings concluded, 2:52 p.m.)
4                - - -
5  CERTIFICATION OF REPORTER
6
7  I, Leann S. Lizza, do hereby certify that the above-entitled
8  matter was taken before me remotely via videoconference at the
9  time and place hereinbefore set forth; that the proceedings
10 were duly recorded by me stenographically and reduced to
11 computer transcription; that this is a true, full and correct
12 transcript of my stenographic notes so taken; and that I am not
13 related to, nor of counsel to either party, nor interested in
14 the event of this cause.
15
16
17 S/Leann S. Lizza                                      8-25-2023
18 Leann S. Lizza, CSR-3746, RPR, CRR, RMR, RDR     Date
19
20
21
22
23
24
25